UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

NOAH STEFFY                                                                                              PLAINTIFF

      VS.                                Civil No. 2:16-cv-02093-MEF

THE CITY OF FORT SMITH, ARKANSAS;
FORT SMITH CITY ADMINISTRATOR; JIMMIE
DEER; RICK RUTH; CITY NEIGHBORHOOD
SERVICES INSPECTORS                                                                          DEFENDANTS

### ORDER

Currently before the Court are Defendants' Amended Motion to Dismiss and supporting brief (Docs. 19-20) and Plaintiff's Response and supplement thereto (Docs. 21-22). A hearing was held on June 28, 2016, at which the Court permitted the parties to present their arguments in connection with Defendants' motion. For the reasons reflected herein, the Court finds abstention under *Younger v. Harris*, 401 U.S. 37 (1971) is appropriate. Accordingly, Defendants' Amended Motion to Dismiss (Doc. 19) is GRANTED, and Plaintiff's Complaint is DISMISSED as to all Defendants.

**I.     Background:**

Plaintiff filed his Complaint on April 22, 2016, requesting the Court to enter an emergency restraining order enjoining the Defendants from enforcing the City of Fort Smith's nuisance ordinances as Plaintiff contends they are unconstitutional. (Doc. 1) On March 22, 2016, the City served Plaintiff with a 7 Day Clean-Up Notice for his property for violations of the ordinances. (Doc. 1-1, p. 6) On April 15, 2016, the City advised Plaintiff it was scheduling a final inspection for April 29, 2016. (Doc. 1-1, p. 7) Plaintiff was advised that if the property remained in violation, then the City would bring the property into compliance and charge Plaintiff with the costs of abatement. *Id*.

1

On May 26, 2016, a criminal summons was issued for Plaintiff in the District Court of Sebastian County, Arkansas, Fort Smith Division, for the offense of Failure to Care for Premises. (Doc. 19-1). On June 7, 2016, Plaintiff was served with a citation for failure to maintain premises and a summons to appear in Fort Smith District Court. (Doc. 15, p. 3)  Plaintiff was arraigned on June 22, 2016, and his criminal case is set for trial on July 27, 2016.  (Doc. 20, p. 2)

**II.     Discussion:**

Defendants contend that this action should be dismissed under the abstention rules established by the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed.2d 669 (1971).  Plaintiff contends that *Younger* abstention is not appropriate in this case as the prosecution is in bad faith and part of a pattern of harassment.  Plaintiff contends he will not be able to afford to appeal a conviction in the criminal case and will not be able to have his constitutional claims heard in the state case.

In *Younger*, the Supreme Court held that a federal court should not act to restrain an ongoing state court criminal prosecution. *Id.* at 41, 91 S.Ct. at 749.  By abstaining from the exercise of jurisdiction, the federal courts promote the value of comity between the states and the federal government and avoid unnecessary determinations of federal constitutional questions. *Id.* at 44, 52, 91 S.Ct. at 750, 754. Specifically under the *Younger* doctrine of abstention, a federal court must decline to interfere with pending state civil or criminal judicial proceedings involving important state interests. *Younger*, 401 U.S. at 44. *See also, Night Clubs, Inc. v. City of Fort Smith, Arkansas*, 163 F.3d 475, 479 (8th Cir. 1998).

If the *Younger* abstention applies, it is not appropriate to address the merits. *Greening v. Moran*, 953 F.2d 301, 304 (7th Cir. 1992).  "To say that abstention is in order then is to say that

2

federal courts should not address the merits, period. Silence by the federal court is the objective of abstention; the desirability of silence is the reason for abstention." *Greening*, 953 F.2d at 304.

"*Younger* directs federal courts to abstain from hearing cases when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996) (*citing Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432, 102 S. Ct. 2515, 2521, 73 L. Ed.2d 116 (1982)). If all three criteria are met, "a federal court should abstain unless it detects 'bad faith, harassment, or some extraordinary circumstances that would make abstention inappropriate.'" *Night Clubs*, 163 F.3d at 479.

The fact that there is an ongoing state prosecution against Plaintiff is not in dispute. Accordingly, the first requirement is met. Further, the underlying state proceeding clearly encompasses important state and local interests. In fact, Plaintiff admits to the legal authority of municipalities to enact and enforce ordinances and codes. (Doc. 14, p. 4) Finally, an adequate opportunity exists in Plaintiff's state proceeding to raise his constitutional challenges. Therefore, under the *Younger* abstention doctrine, it is appropriate for this Court to abstain from ruling on Plaintiff's constitutional claims.

In an opinion issued concurrently with *Younger,* the Supreme Court held that "the same equitable principles relevant to the propriety of an injunction [apply] to ... a declaratory judgment.... [W]here an injunction would be impermissible under these principles, declaratory relief should ordinarily be denied as well." *Samuels v. Mackell,* 401 U.S. 66, 73, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971). The Court expressed two reasons for treating declaratory relief essentially the same as injunctive relief. First, even though a party seeks only declaratory relief, once a

declaratory judgment is obtained, the party may obtain an injunction to enforce the declaratory judgment. *Id.* at 72, 91 S.Ct. 764. If, for example, the court's declaratory judgment states that a statute is unconstitutional, the court may then enjoin a prosecution of the federal plaintiff under the statute. Second, a federal court declaratory judgment would ordinarily have preclusive effect in the state court proceeding. *Id.* Once the declaratory judgment is entered, the victorious party could insist in state court that the legal proposition declared in federal court could not be disputed in the state proceeding. Thus, a state court prosecution of a federal plaintiff may not be able to proceed under a statute declared unconstitutional in the federal court proceeding. Plaintiff then could conceivably take the Court's judgment to state court where it may have preclusive effect on the ongoing state litigation. This untenable contingency, *inter alia,* militates toward abstention.

It is clear from the relief Plaintiff seeks that Plaintiff wishes this Court to directly interfere with the ongoing state proceeding by enjoining the City from enforcing the ordinances from which his criminal prosecution arose and by asking the Court to declare them unconstitutional. This is exactly the type of situation that abstention seeks to avoid.

Plaintiff also does not contest that ordinances such as these which are designed to protect the health and welfare of the community by avoiding hazardous, unsanitary, and unsightly conditions are an important state interest. Instead, Plaintiff contends he will be unable to present his constitutional claims in the state court. Plaintiff offers no citation or other legal support for the proposition that the state court cannot address his federal claims, likely because no such support exists. Finally, the Plaintiff has failed to show that the Arkansas courts cannot or will not provide an adequate opportunity to raise his constitutional claims. The Supreme Court has stated that so long as a plaintiff had the opportunity to raise their claims in the state proceedings, the federal

district court must abstain under *Younger*. *Moore v. Sims*, 442 U.S. 415, 425, 99 S.Ct. 2371, 2378, 60 L.Ed.2d 994 (1979).

In affirming the dismissal of a plaintiff's federal claims on *Younger* grounds, the *Moore* Court held that a plaintiff has the burden of demonstrating that a state procedural rule bars the presentation of its claims to the state tribunal in order to prove the inadequacy of that forum. *Id.; accord, Pennzoil Co. v. Texaco Inc.,* 481 U.S. 1, 14 (1987) ("When a litigant has not attempted to present his federal claims in related state court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."); *Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 435 (1982); *Younger,* 401 U.S. at 751. "The burden of proof is on the federal litigant who asserts an inability to raise the constitutional claim in the ongoing state proceeding. Unless it 'plainly appears' that this cannot be done, *Younger* applies." LAURENCE TRIBE, CONSTITUTIONAL LAW 205 n. 13 (2d ed.1988) (quoting *Middlesex,* 457 U.S. at 435).

The Court finds that the Plaintiff has not met his burden of proof that he cannot raise his constitutional claims in the ongoing state proceedings. In his Supplemental Response, Plaintiff contends he will be prevented from asserting his constitutional claims in the underlying state proceeding as he cannot afford the costs associated with an appeal and the judge made clear at Plaintiff's arraignment he would be unwilling to entertain any constitutional challenges. (Doc. 22, p. 1). Plaintiff provided the Court with no evidence to support either of these contentions. Additionally, despite his contentions, the fact remains he will have the opportunity to raise his constitutional claims in the state proceedings, and he may challenge any undesired outcome in the state appellate process. If, in fact, Plaintiff is indigent, he will have the opportunity to request court-appointed counsel to assist him.

A state's appellate court is the appropriate venue to review alleged constitutional violations arising out of litigation in the state's district courts. *Huffman v. Pursue, LTD.*, 420 U.S. 592, 95 S.Ct. 1200. 43 L.Ed.2d 482 (1975). In *Huffman*, the U.S. Supreme Court stated:

> "We think this consideration to be of some importance because it is typically a judicial system's appellate courts which are by their nature a litigant's most appropriate forum for the resolution of constitutional contentions. Especially is this true when, as here, the constitutional issue involves a statute which is capable of judicial narrowing. In short, we do not believe that a State's judicial system would be fairly accorded the opportunity to resolve federal issues arising in its courts if a federal district court were permitted to substitute itself for the State's appellate courts."

*Huffman*, 420 U.S. at 609.

Thus, we abstain based on our finding that the issues raised in this action are substantially related to and intertwined with issues presently pending before the state court. Moreover, we conclude all three criteria are present and the *Younger* abstention doctrine applies unless an exception to the doctrine exists.

There are exceptions to *Younger* in cases where a party could not have raised his claim in the state court proceeding, *Moore,* 442 U.S. at 425, 99 S.Ct. at 2378, or where the state proceeding is conducted in bad faith. *Id.* at 424, 99 S.Ct. at 2377. These exceptions do not apply because the Plaintiff will have the opportunity to pursue his constitutional claims in the state court proceeding and there is, aside from Plaintiff's conclusory statement, no evidence of bad faith. Moreover, a federal court is not required to abstain if there is an immediate and extraordinary need for relief, or if the challenged provision is flagrantly and patently violative of express constitutional prohibitions. *Younger*, 401 U.S. at 53-54. Here, Plaintiff does not argue any of these exceptions, and there are none to apply.

Finally, the Supreme Court has upheld federal injunctions to restrain state criminal proceedings where the threatened prosecution chilled exercise of First Amendment rights. *Bacon v. Neer*, 631 F.3d 875, 879 (8th Cir. 2011). Plaintiff failed to assert a First Amendment claim in his Complaint and Supplements thereto. (Docs. 1, 6, 15) He did, however, file a Motion to Amend his Complaint seeking to add a First Amendment claim contending Defendants retaliated against him for filing this lawsuit by instituting the criminal proceedings against him. (Doc. 16)

The Court finds that Plaintiff's First Amendment claim, if permitted, would not provide an exception to abstention in this case. Initially, the inspection and notification process which ultimately led to the criminal citation began prior to Plaintiff's Complaint being filed. Section 16-8 of the City of Fort Smith Municipal Code sets forth the procedure to be followed for a violation of the nuisance ordinances. It states:

> "The order or notice shall state the conditions on the subject real property which are ordered abated, and the order or notice shall advise the deliveree that, if the conditions listed in the order or notice have not been abated within seven (7) days, the city may proceed with a criminal charge pursuant to section 16-12 and shall proceed according to the provisions of this chapter and other valid legislative enactments to abate the listed conditions and that the costs of such action shall be charged to the owner of the subject real property, shall constitute a lien on such property and may be collected as are real property taxes."

(Doc. 20, Ex. C). The inspection and notification process began on March 22, 2016, and Plaintiff filed the instant Complaint on April 22, 1016, after at least two notifications of the ordinance violations. There is no indication that the subsequent criminal charge was anything other than the City following its established procedure as set forth in the Municipal Code. Further, the existence of a "chilling effect" on First Amendment rights is insufficient, without more, to provide an exception to abstention. The statute in question does not directly abridge First Amendment rights,

7

and Plaintiff was advised of the consequences of failing to address the ordinance violation notices prior to the filing of his Complaint.

### III. Conclusion:

Based on the foregoing, Defendant's Amended Motion to Dismiss (Doc. 19) is GRANTED and Plaintiff's Complaint is DISMISSED. Plaintiff's Motion to Amend his Complaint (Doc. 16) and Defendant's initial Motion to Dismiss (Doc. 17) are DENIED AS MOOT.

Dated this 7th day of July, 2016.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE